IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02724-BNB

PATRICK L. BRENNER,

    Plaintiff,

v.

JOHN HICKENLOOPER, doing business as Governor,
GOVERNORS OFFICE FOR THE STATE OF COLORADO,
EX DISTRICT COURT JUDGE CHARLES BUSS,
DISTRICT COURT JUDGE BRIAN FLYNN,
DISTRICT ATTORNEY PETER HAUTZINGER,
EX DISTICT [sic] ATTORNEY STEPHEN ERKENBRACK,
EX DEPUTY DISTRICT ATTORNEY RANDY BROWN, and
ATTORNEY THOMAS LACROIX,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Patrick L. Brenner, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Brenner, acting *pro se*, filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 challenging the validity of his state court criminal sentences. He seeks money damages and the dismissal of his concurrent sentences in Mesa County, Colorado, District Court Criminal Case Nos. 90CR75, 91CR30, and 91CR31.

    Mr. Brenner has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous

claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970).

Mr. Brenner is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Brenner's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id*. For the reasons stated below, the complaint and the action will be dismissed.

While his complaint is not the model of clarity, Mr. Brenner alleges that he pleaded guilty to two counts of sexual assault on a child by one in a position of trust in

Nos. 91CR30 and 91CR31, and disagrees with being sentenced to an indeterminate terms of one-day to life in prison. He asserts twelve claims challenging what he believes are irregularities and defects in his state court criminal proceedings and plea agreement, which resulted in his sentencing on December 19, 1991, to two concurrent terms of one day to life under the Colorado Sex Offenders Act of 1968, to be served concurrently with his prior sentence for theft in No. 90CR75. He is suing Governor John Hickenlooper, the Governor's Office, and the former and current district court judges, prosecuting attorneys, and defense counsel involved in his criminal proceedings. To the extent Mr. Brenner seeks the dismissal of his convictions and concurrent sentences, his sole federal remedy is a writ of habeas corpus, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after he exhausts state court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Habeas corpus claims may not be raised in this § 1983 action. If Mr. Brenner wishes to pursue habeas corpus claims, he must file a separate habeas corpus action after exhaustion of state remedies.

A review of this Court's docketing records shows that Mr. Brenner previously challenged his convictions in Nos. 91CR30 and 91CR31 in *Brenner v. Brill*, No. 06-cv-00049-ZLW (D. Colo. Mar. 14, 2006). This Court dismissed the habeas corpus action as barred by the one-year limitation period in 28 U.S.C. § 2244(d), and also dismissed one of the claims because it did not implicate a federal constitutional right. On July 25, 2006, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) denied Mr. Brenner's application for a certificate of appealability, denied him leave to proceed *in forma pauperis* on appeal, and dismissed the appeal. His attempt to file a second or successive application challenging his Nos. 91CR30 and 91CR31 convictions in

*Brenner v. Sloan*, No. 07-cv-01822-ZLW (D. Colo. Sept. 6, 2007), was thwarted. The application was transferred to the Tenth Circuit for an order authorizing this Court to consider his second or successive application, and on May 27, 2009, the Tenth Circuit denied authorization. *See In re Brenner*, No. 09-1183 (10th Cir. May 27, 2009). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

Although Mr. Brenner's claims for damages may be asserted in a § 1983 action, the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Mr. Brenner does not appear to have invalidated his convictions and sentences. Therefore, the Court finds that Mr. Brenner's claims for damages challenging the validity of his state court criminal sentencing are barred by the rule in *Heck*. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). However, a *Heck* dismissal counts as a strike under § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

The Court also notes that Mr. Brenner's complaint suffers from other deficiencies. To the extent he is suing improper parties for damages, the claims will be dismissed

with prejudice. See *Carbajal v. Holman*, No. 12-1152, 2012 WL 4354689, *1 (10th Cir. Sept. 25, 2012) (unpublished).

The Defendant judges, Charles Buss and Brian Flynn, are absolutely immune from liability in civil rights suits when acting in a judicial capacity, unless they act in the clear absence of all jurisdiction. See *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judges Buss and Flynn were acting in their judicial capacity during Mr. Brenner's criminal proceedings and, therefore, were not acting in the clear absence of all jurisdiction. Therefore, the claims Plaintiff asserts against Judges Buss and Flynn are barred by absolute judicial immunity, and will be dismissed pursuant to § 1915(e)(2)(B)(iii).

Mr. Brenner is suing other Defendants because of their involvement in his criminal proceedings. Any claims asserted against Thomas Lacroix, his defense counsel, fail. Whether Mr. Lacroix is a private attorney who represented Mr. Brenner or a public defender, he is not a state actor under § 1983, and is not a proper party to this action. *Polk County v. Dodson*, 454 U.S. 312, 318 & 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). Therefore, Mr. Brenner's claims against Mr. Lacroix are legally frivolous, and will be dismissed for that reason.

Mr. Brenner also may not sue the individual prosecutors in this § 1983 action. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Hunt*, 17 F.3d at 1267. Therefore, the claims for damages

against the individual prosecutors--Peter Hautzinger, Stephen Erkenbrack, and Randy Brown--will be dismissed pursuant to § 1915(e)(2)(B)(iii).

Mr. Brenner's claims against Governor Hickenlooper and his office also fail. The actions, or inactions, of the governor and his office bear no connection to Mr. Brenner's conviction and sentencing on state criminal charges.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Brenner files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice because the habeas corpus claims may not be raised in this action pursuant to 42 U.S.C. § 1983, and the claims for damages are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that the claims for monetary damages against improper parties are dismissed with prejudice because these claims either are legally frivolous or are seeking relief from Defendants entitled to immunity. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that the motions for stay (ECF No. 4) and a preliminary injunction (ECF No. 5) are denied as moot. It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this  26th  day of     November    , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court