IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02724-LTB

PATRICK L. BRENNER,

    Plaintiff,

v.

JOHN HICKENLOOPER, doing business as Governor,
GOVERNORS OFFICE FOR THE STATE OF COLORADO,
EX DISTRICT COURT JUDGE CHARLES BUSS,
DISTRICT COURT JUDGE BRIAN FLYNN,
DISTRICT ATTORNEY PETER HAUTZINGER,
EX DISTICT [sic] ATTORNEY STEPHEN ERKENBRACK,
EX DEPUTY DISTRICT ATTORNEY RANDY BROWN, and
ATTORNEY THOMAS LACROIX,

    Defendants.

ORDER DENYING MOTION TO RECONSIDER

    Plaintiff, Patrick L. Brenner, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. He filed *pro se* on December 3, 2012, a motion (ECF No. 13) in which he asks the Court to reconsider and vacate the Order of Dismissal (ECF No. 11) and the Judgment (ECF No. 12) entered in this action on November 26, 2012.

    The Court must construe the motion to reconsider liberally because Mr. Brenner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion for reconsideration will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Brenner's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

The Court dismissed the complaint and the instant action without prejudice because the habeas corpus claims may not be raised in this action pursuant to 42 U.S.C. § 1983, and the claims for damages were barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). In addition, the claims for monetary damages against improper parties were dismissed with prejudice because the claims either were legally

frivolous or sought relief from Defendants entitled to immunity. The November 26 dismissal order discusses in greater detail the reasons for the dismissal.

Mr. Brenner argues that in this action he was not challenging his conviction "but the abuse of process and the Due Process." ECF No. 13 at 1. The Court is not persuaded. On consideration of the motion to reconsider and the entire file, the Court finds that Mr. Brenner fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The motion to reconsider will be denied.

Accordingly, it is

ORDERED that the motion to reconsider (ECF No. 13), that Plaintiff, Patrick L. Brenner, filed *pro se* on December 3, 2012, and which the Court has treated as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is DENIED.

DATED at Denver, Colorado, this  10th  day of     December      , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court